UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARLIN ARD,<br><br>    Plaintiff,<br><br>    v.<br><br>HILARY BOYD, et al.,<br><br>    Defendants. | Case No. 22-cv-03764-LB<br><br>**ORDER TO SHOW CAUSE** |

Marlin Ard, an Oregon-based attorney, sued various Oregon-based defendants over their allegedly biased handling of an Oregon state-court case in which Mr. Ard represented the plaintiff.[1] In connection with that case, the Oregon Supreme Court suspended Mr. Ard from the practice of law for one year, effective February 28, 2022.[2] (The Oregon Supreme Court justices are defendants in this case.) In December 2020, Mr. Ard sued some of the defendants about the same events in the United States District Court for the District of Oregon.[3] In this case, he additionally complains of the District of Oregon's alleged prejudice towards him, and asserts that

---

[1] Compl. – ECF No. 1; Mutual Release, Ex. 1 to *id.* – ECF No. 1-2 (setting forth a settlement of the Oregon state-court case). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Opinion, Ex. 2 to Compl. – ECF No. 1-3 at 1.

[3] Am. Compl., *Ard v. Or. State Bar*, No. 20-cv-02143-JR (D. Or. Nov. 22, 2021), ECF No. 47.

ORDER – No. 22-cv-03764-LB

venue is proper in this court because of that prejudice.[4] The court orders the plaintiff to show cause why his case should not be transferred to the District of Oregon for lack of proper venue.

A case may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal must be without prejudice). Ordinarily, the interest of justice requires transferring the case to the proper venue rather than dismissing the case. *Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001). In considering whether to transfer venue, factors that the court may consider include:

> (1) [The] plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum.

*Lapachet v. Cal. Forensic Med. Grp., Inc.*, No. 16-cv-06959-HSG, 2017 WL 3917209, at *2 (N.D. Cal. Sept. 7, 2017) (collecting cases); *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (identifying factors).

This list of factors is not exhaustive, and some factors have more weight or less depending on the context. *Lapachet*, 2017 WL 3917209, at *2. For example, generally the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to the plaintiff's choice of forum, consideration must be

---

[4] Compl. – ECF No. 1 at 12–15 (¶¶ 5–8) (citing 28 U.S.C. § 1391(b)).

ORDER – No. 22-cv-03764-LB         2

given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled to only minimal consideration." *Id*.

It does not appear that there is venue in the Northern District of California. First, the parties are all residents of Oregon.[5] Second, the relevant events appear to have all taken place in Oregon.[6] Third, Mr. Ard's allegations of prejudice in the District of Oregon do not give rise to venue in the Northern District of California. 28 U.S.C. § 1391(b). Thus, Mr. Ard is ordered to show cause why his case should not be transferred to the District of Oregon for lack of proper venue. He must do so in writing, in no more than five pages, by September 16, 2022. Alternatively, he may, by the same date, (1) file a statement of non-opposition to the transfer or (2) dismiss the case without prejudice by filing a one-page notice of voluntary dismissal.

**IT IS SO ORDERED.**

Dated: September 2, 2022

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] *Id.* at 6–9 (¶¶ 1–2).

[6] *Id.* at 4–6.